THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARLA LONGMIRE, | * | |
|         Plaintiff, | * | |
| v. | * | No.: 16-cv-00025-WS-M |
| | * | |
| CITY OF MOBILE, ALABAMA; et.al, | * | |
|         Defendants. | * | |

DEFENDANT DONALD DEES' OBJECTION TO PLAINTIFF'S MOTION TO ALLOW SUR-REBUTTAL

The defendant Donald Dees objects to the plaintiff's motion to allow sur-rebuttal in response to the defendant's motion for summary judgment on the grounds of immunity. (doc 23) The motion should be denied for the following reasons:

1. The plaintiff has already had a full opportunity to respond to the motion for summary judgment (doc18), and was given an extension of time to do so. (doc17).

2. There is no provision in the Federal Rules of Civil Procedure or Local Rule 56 for sur-rebuttal.

3. The proffered sur-rebuttal rehashes old arguments, interjects new irrelevant arguments,[1] conflates *Loudermill's* procedural due process requirements with agency procedural rules, and makes irrelevant, unsupported assertions of fact.[2]

---

[1] For example, for the first time and apropos of nothing, the plaintiff asserts that "At no time during the Post Deprivation Hearing was evidenced introduced or testimony received that Director Dees approved the demotion" under PDP rule XVII. (doc. 23-1 p. 5) That provision applies to demotions occurring in a non-disciplinary context and has nothing to do with this case. Demotions incident to discipline, such as involved in the present matter, implicate Personnel Board Rule 14.3(a) which has been the subject of briefing by both parties.

[2] For example the proposed sur-rebuttal claims: "There exists a factual dispute as to whether Dees ever investigated any city due process procedures within seven (7) calendar days of Longmire' hearing (doc. 23-1 p. 5)  There is no constitutional right to any type of investigation, so even if a dispute on this point was supported in the record, it would not be material. But Dees investigated the demotion. "Specifically with respect to the Carla Longmire appeal which is the subject of this litigation, I handled the appeal in the usual

4. Exhibits A and B attached to the proffered "sur-rebuttal" are redundant (compare doc. 18-7[3] with doc 23-1 p. 10) or irrelevant (doc. 23-1 p. 12-17).  The later exhibit is an irrelevant *August 31, 2016* order of the Mobile County Circuit Court in *Lawley* affirming a March 15, 2016 Personnel Board Order. Longmire's Police Department pre-disciplinary hearing was held *December 16, 2013*; the Personnel Board hearing was held *March 6, 2014*. "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, *assessed in light of the legal rules that were 'clearly established' at the time it was taken*." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)(emphasis supplied)

Moreover, the issue in *Lawley* order involved a recent Personnel Board interpretation of its rules, and *expressly* did not concern constitutional issues. *Lawley* negates Longmire's claim of a violation of a clearly established constitutional right. "This Court does not believe that Lawley's due process rights were denied him by the City by not allowing him to be present at all phases of the pre-termination hearing. However that is not the question before this Court. The question here is whether MCPB has the right to interpret its own rules in this case. The answer to that question is that MCPB does have that right." (doc. 23-1 p.15)

---

course of business. I noted in the records of the Personnel Board receipt of Carla Longmire's notice of appeal from her demotion by the Mobile Police Department. Following the procedure in Personnel Board Rule 14.5 I determined that the Appointing Authority provided Longmire with written notice of a pre-disciplinary hearing at least 24 hours before the hearing; that the notice contained a statement of the allegations and facts underlying the contemplated disciplinary action; that Longmire was given an opportunity at the predisciplinary hearing to respond to the allegations; that following the hearing Mayor Stimpson demoted Longmire from Captain to Lieutenant; that Longmire was given written notice of the demotion; and that her notice of appeal was timely filed. I then scheduled the matter for a *de novo* hearing before the Personnel Board." (doc. 13-1, Dees affidavit,  p. 1 ¶4)

[3] This exhibit is a *July 7, 2015* Personnel Board order reversing a termination due to procedural irregularities.

2

5. The motion to allow sur-rebuttal should be denied. However, if the court allows filing of the papers, the defendant asks for an opportunity to fully respond.

WHEREFORE defendant prays that the court will deny the motion to allow sur-rebuttal, strike the proffered filing, and grant such other and further relief as he may be entitled to receive the premises considered.

                                            */s/* Arthur J. Madden, III
                                            Arthur J. Madden, III
                                            MADDA0656
                                            Attorney for Defendants
                                            Donald Dees and Mobile
                                            County Personnel Board
                                            465 Dauphin Street
                                            Mobile, Alabama 36602
                                            (251) 432-0380
                                            ajmadden@maddenandsoto.com

CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2016, I electronically filed the foregoing claim with the Clerk of the Court using the CM/ECF system which will send notification of such filing as follows:

Carroll James Ogden, Esq.
P.O. Box 851133
Mobile, Alabama 36685-1133

Ricardo Andrew Woods, Esq.
P.O. Box 2287
Mobile, AL 36602

                                            /s/Arthur J. Madden, III
                                            Arthur J. Madden, III