IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARLA LONGMIRE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 16-0025-WS-M |
| | ) |
| CITY OF MOBILE, ALABAMA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter comes before the Court on the Motion for Leave to Amend Answer (doc. 27) filed by defendants Donald Dees and the Mobile County Personnel Board, as well as the Motion to Strike (doc. 33) filed by plaintiff. The Motions have been briefed and are now ripe for disposition.

**I.  Background.**

Plaintiff Carla Longmire, a City of Mobile Police Department officer, brought this action against a host of defendants, including Donald Dees and the Mobile County Personnel Board, alleging federal and state due process violations in connection with certain disciplinary proceedings wherein she was demoted from the rank of Captain to that of Lieutenant. Dees and the Personnel Board, who are represented by the same counsel, filed Answers (docs. 3 & 4) asserting various affirmative defenses on January 21, 2016.

On March 8, 2016, Magistrate Judge Milling entered a Rule 16(b) Scheduling Order providing, in relevant part, that "Motions for leave to amend the pleadings or to join other parties must be filed not later than **May 27, 2016**." (Doc. 8, ¶ 5.)[1] The Scheduling Order also fixed a discovery completion deadline of December 16, 2016. (*Id.*, ¶ 3.) At no time prior to the May 27,

---

[1] In setting that deadline, the Magistrate Judge hewed closely to the parties' proposed timeline. The Report of Parties' Planning Meeting reflected that plaintiff requested until May 6, 2016 to join additional parties and amend pleadings, and that defendants requested until June 3, 2016 to join additional parties and amend pleadings. (*See* doc. 7, ¶ 6.)

2016 deadline did Dees, the Personnel Board or anyone else seek leave to amend the pleadings or to add additional parties.

On December 15, 2016, more than six months after expiration of the deadline for motions to amend pleadings, Dees and the Personnel Board collectively filed a Motion for Leave to Amend Answer.  Movants indicate that the Motion is animated by their desire to amend their pleadings to interpose the affirmative defense of *res judicata*.  In support of this request, movants explain that in certain related proceedings, Longmire appealed the Personnel Board's decision affirming her demotion to the Mobile County Circuit Court.  The Circuit Court affirmed the demotion via summary judgment order dated August 7, 2015, and the Alabama Court of Civil Appeals affirmed the Circuit Court's decision without opinion on April 22, 2016.  Movants now seek to raise the affirmative defense of *res judicata* based on these events in the related state-court proceedings.  Plaintiff opposes the Motion for Leave to Amend Answer, and also filed a Motion to Strike (doc. 33) directed at Exhibit 3 to the Motion for Leave to Amend, which exhibit is a copy of the Circuit Court's ruling of August 7, 2015.

**II.     Analysis.**

Movants frame their Motion for Leave to Amend in terms of Rule 15(a)(2) of the Federal Rules of Civil Procedure, which generally prescribes a liberal standard under which leave to amend a pleading should be freely given when justice so requires.  *See generally City of Miami v. Bank of America Corp.*, 800 F.3d 1262, 1286 (11th Cir. 2015) ("[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial") (citation omitted).  But the Motion is not governed (at least, in the first instance) by the lenient provisions of Rule 15(a)(2), for the simple reason that defendants filed it many months after the Rule 16(b) Scheduling Order deadline for motions to amend pleadings.  Where, as here, a party endeavors to amend its pleading after expiration of the applicable scheduling order deadline, the movant must first satisfy the more stringent requirements of Rule 16(b)(4).  *See, e.g., Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) ("A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed.R.Civ.P. 16(b)."); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we

will consider whether amendment is proper under Rule 15(a).").[2]  Pursuant to that rule, "[a] schedule may be modified only for good cause and with the judge's consent."  Rule 16(b)(4), Fed.R.Civ.P.  The "good cause" standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."  *Sosa*, 133 F.3d at 1418 (citation and internal quotation marks omitted).[3]  The burden of establishing the requisite good cause / diligence rests on Dees and the Personnel Board, the parties seeking relief from the lapsed deadline in the original Scheduling Order.  *See, e.g., Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3rd Cir. 2010) ("Rule 16(b)(4) focuses on the moving party's burden to show due diligence."); *Northstar Marine, Inc. v. Huffman*, 2014 WL 3720537, *3 (S.D. Ala. July 28, 2014) ("The burden of establishing good cause / diligence rests squarely on the party seeking relief from the scheduling order.").

Dees and the Personnel Board have not shown that, even with diligence, they were unable to comply with the Scheduling Order deadline for filing motions to amend pleadings.  Indeed, the record before the Court unambiguously establishes that movants had knowledge of the facts and circumstances undergirding their proposed new *res judicata* defense well before the May 27, 2016 deadline for motions to amend pleadings.  By movants' own reckoning, the Mobile County Circuit Court entered the order to which they wish to assign preclusive effect on August 7, 2015, more than four months before Longmire even filed her Complaint to commence this action.  Although Longmire appealed the Circuit Court ruling in the demotion case, the Alabama Court

---

[2]  The rationale for requiring a heightened showing to amend the pleadings after the scheduling order deadline lapses is that "a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded…. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."  *Rogers v. Hartford Life and Acc. Ins. Co.*, 2012 WL 2395194, *1 n.3 (S.D. Ala. June 22, 2012) (citation omitted); *see also Baker v. U.S. Marshal Service*, 2014 WL 2534927, *2 (D.N.J. June 5, 2014) ("Extensions of time without good cause would deprive courts of the ability to effectively manage cases on their overcrowded dockets and would severely impair the utility of Scheduling Orders.").

[3]  *See also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent."); *King v. Chubb & Son*, 563 Fed.Appx. 729, 732 (11th Cir. Apr. 22, 2014) ("There can be no good cause where the record shows that the late-filing party lacked diligence in pursuing its claim.") (citation and internal quotation marks omitted).

of Civil Appeals summarily affirmed it on April 22, 2016, more than a month before the operative deadline for amending pleadings in this action.  Surely, by that time, Dees and the Personnel Board possessed the necessary information to plead an affirmative defense of *res judicata* in this action without jeopardizing fulfillment of their Rule 11(b) obligations.[4]  Because record facts confirm that, with diligence, movants could have complied with the Scheduling Order deadline for motions to amend pleadings, the Rule 16(b)(4) "good cause" standard is not satisfied here and the Motion for Leave to Amend Answer is properly denied as untimely.

      Alternatively, even if movants could show the requisite diligence and good cause for their noncompliance with the Scheduling Order in a manner that meets their burden under Rule 16(b)(4), denial of the Motion for Leave to Amend Answer would remain warranted under Rule 15(a)(2)'s liberal standard.  "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment."  *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013).  "Although generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, undue delay may clearly support such a denial."  *In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014) (citation omitted).  "A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend" and where the amendment would cause prejudice.  *Tampa Bay Water v. HDR Engineering, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013) (citations omitted).

      Even if the Court were to accept at face value the dubious (and legally unsupported) proposition that the *res judicata* defense was unavailable for movants to plead in good faith until

---

[4] In so concluding, the Court recognizes that there were further appellate proceedings in the state-court case following the Alabama Court of Civil Appeals' ruling of April 22, 2016.  Specifically, the record shows that Longmire filed an application for rehearing (denied by the Court of Civil Appeals on July 15, 2016) and a petition for certiorari (denied by the Alabama Supreme Court on July 29, 2016).  (Doc. 34, Exh. A.)  Even though the Alabama courts had not issued a final judgment in the state-court matter by the May 27 deadline, Dees and the Personnel Board certainly could have amended their pleadings prior to that date to assert a *res judicata* defense based on the rulings already issued by the state courts and the strong likelihood of a final judgment being entered that affirmed the Mobile County Circuit Court's decision.  On that basis, the Court finds that, with diligence, movants could have interjected the *res judicata* affirmative defense into their answers before the May 27 deadline for motions to amend pleadings.

after the state appellate courts entered a final judgment, movants concede that such final judgment was entered on September 16, 2016.  (Doc. 34, at 3 n.5 & Exh. B.)  Yet Dees and the Personnel Board tarried three additional months until December 15, 2016 before filing their Motion for Leave to Amend Answer.  That constitutes undue delay for Rule 15(a)(2) purposes, particularly given that movants filed their Motion precisely one day before the discovery cutoff of December 16, 2016, thereby guaranteeing that Longmire would be unable to explore that issue via discovery (as she has strenuously argued she wishes to do).  (*See* doc. 33, at 4.)  Moreover, by filing their Motion for Leave to Amend on the eve of the dispositive motions deadline, Dees and the Personnel Board effectively ensured that the *res judicata* could not be properly litigated on summary judgment.  The point is that by waiting until the eleventh hour to seek to interpose the *res judicata* defense, movants impaired the parties' ability to investigate and litigate it properly and the Court's ability to adjudicate it in a fair and efficient manner.  Movants could have avoided this scenario by seeking leave to amend much earlier, and in any event no later than the immediate aftermath of the final judgment entered by the Alabama Court of Civil Appeals on September 16, 2016.  Even under the liberal Rule 15(a)(2) standard, then, the proposed amendment does not pass master.

      Finally, the Court pauses to consider Longmire's Motion to Strike, wherein she requests that the Mobile County Circuit Court order dated August 7, 2015, and attached to the Motion for Leave to Amend Answer as Attachment 3, be stricken as "prejudicial and improper under these circumstances."  (Doc. 33, at 4.)  To be clear, the issue presented in the Motion to Strike is not whether the August 7 order would be admissible at trial in this proceeding, but whether the exhibit should be stricken from the court file in its entirety.  Although Longmire identifies no authority in support of her request, motions to strike are ordinarily governed by Rule 12(f), Fed.R.Civ.P., which authorizes district courts to "order stricken from any pleading … any redundant, immaterial, impertinent or scandalous matter."  *Id.*  However, "[s]triking matter on Rule 12(f) grounds is a drastic, disfavored remedy." *Evonik Degussa Corp. v. Quality Carriers, Inc.*, 2007 WL 4358260, *1 (S.D. Ala. Dec. 13, 2007).[5]  Longmire makes no showing that any of

---

[5]     *See also Kirksey v. Schindler Elevator Corp.*, 2016 WL 3189242, *3 n.6 (S.D. Ala. June 7, 2016) ("[E]xhibits are not stricken (and motions to strike should not be filed in federal court) as a kneejerk reaction whenever a litigant is unhappy with either the contents of an exhibit or the other side's arguments drawn from that exhibit.") (citations omitted); *Stephens v.* (Continued)

the Rule 12(f) considerations are satisfied, much less that she will be prejudiced in any way by the mere presence of the August 7 order (which is, of course, a matter of public record issued in public judicial proceedings in Mobile County Circuit Court) in the court file.  Simply put, she provides no explanation for why the draconian step of striking this exhibit is an appropriate remedy here.  Accordingly, the Motion to Strike is **denied**.

### III.     Conclusion.

For all of the foregoing reasons, it is **ordered** that:

1. Defendants Donald Dees' and Mobile County Personnel Board's Motion for Leave to Amend Answer (doc. 27) is **denied**; and
2. Plaintiff's Motion to Strike (doc. 33) is **denied**.

DONE and ORDERED this 5th day of January, 2017.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

*Trust for Public Land*, 479 F. Supp.2d 1341, 1346 (N.D. Ga. 2007) (noting that a motion to strike is a "drastic remedy" and that such motions "are rarely granted absent a showing of prejudice"); *BB In Technology Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (opining that Rule 12(f) motions "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties"); *Carlson Corporation/Southeast v. School Bd. of Seminole County, Fla.*, 778 F. Supp. 518, 519 (M.D. Fla. 1991) (characterizing motions to strike as "time wasters" and observing that such motions "will usually be denied").